## Case No. 3,444.

### CROWELL v. HARLOW et al.

[3 Ban. & A. 478;[1] 18 O. G. 466.]

Circuit Court, D. Massachusetts. Sept. 20, 1878.

INFRINGEMENT OF PATENT—CURING AND PUTTING UP FISH—INJUNCTION.

The complainant's patent was for a process of curing and putting up fish, which in the claim was described to be to take out the principal bones and fins while the fish is fresh, and, when partly cured and dried, to remove the skin and with it the entire mucous membrane, and to pack in boxes of convenient size. The novelty consisted in the removal of the mucous membrane. Upon an application for a preliminary injunction, the evidence of infringement was very meagre, and quite insufficient, unless it was aided by the affidavit of the defendant himself, who said he prepared the fish by removing the skin, and then the bones, and then packed it in boxes. He did not say whether he removed the mucous membrane or not, and there was no evidence whether in removing the skin the membrane was necessarily removed; but he denied the novelty of the invention. *Held*, that the application must be denied.

[In equity. Bill by Elisha Crowell against Nathaniel E. Harlow, and by the same against George Harlow, to restrain infringement of letters patent.]

John R. Bennett, for complainant.
Charles H. Drew, for defendants.

LOWELL, District Judge. This suit and another like it (Same Complainant v. George Harlow) are brought against two persons who are said to infringe the patent of John Atwood, No. 90,334, granted May 25th, 1869, for an improved process of curing and putting up fish. The claim is for the whole process described, which is to take out the principal bones and fins while the fish is fresh, and when partly cured and dried to remove the skin and with it the entire mucous membrane; and to pack in boxes of convenient size. I understand the novelty, as claimed in argument, consists in the removal of the mucous membrane.

The evidence of infringement is very meagre and quite insufficient, unless it is aided by the affidavit of the defendant himself, who says that he prepares the fish by removing the skin, and then the bones and packs in boxes. He does not say whether he removes the mucous membrane or not, and there is no evidence whether in removing the skin the

membrane is necessarily removed. If it is not, there is no infringement; if it is, then the remaining part of the defendant's affidavit is likely to be true that the process is old and was well known to him in Plymouth before 1869.

It is not the practice to grant a preliminary injunction, which often operates as a final determination of the cause, when the patent has never been passed upon, unless there has been acquiescence equivalent to a general admission of its validity, or there are some other strong reasons for such summary action, if it appears that the defendant in good faith intends to litigate the validity of the patent. I do not hold the rule quite so strictly with respect to a disputed question of infringement, because that may sometimes be determined as well by an inspection of the two things as it ever can be by evidence of any kind.

I do not pass at all upon the question of novelty, because the record is not such as to enable me to form a judgment upon it. The patent on one side is opposed to an affidavit of personal knowledge on the other, and I cannot say with sufficient certainty that the patent is undoubtedly valid.

Motion denied.

[NOTE. On the final hearing on the merits, there was a decree for the complainant in both cases. Crowell v. Harlow, 1 Fed. 140.]